STATE OF CONNECTICUT *v.* DANA MOZELL
(12395)

LAVERY, HENNESSY and FREEDMAN, Js.

Argued November 7, 1994—decision released January 24, 1995

*Lauren Weisfeld,* assistant public defender, for the appellant (defendant).

*Nancy L. Gillespie,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *John M. Waddock,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from a judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell in violation of General Statutes § 21a-278, and conspiracy to sell narcotics in violation of General Statutes §§ 21a-278 and 53a-48. The defendant claims (1) that the trial court's denial of his motions to excuse two venirepersons for cause denied him his right to a fair and impartial jury and (2) that the trial court improperly instructed the jury on reasonable doubt. We affirm the judgment of the trial court.

The facts pertinent to the defendant's first claim are as follows. The defendant and his codefendant each were allotted eight peremptory challenges. The first venireperson to be questioned was Thomas Stretton, a police officer in the town of Cheshire, whom the defendant sought to remove for cause. The trial court denied the challenge for cause. The defendant removed Stretton by exercising his first peremptory challenge. After three jurors had been selected, the defendant challenged venireperson Phillip Travisano for cause. This challenge was denied and the defendant exercised his eighth and final peremptory challenge to remove

Travisano. After voir dire of the venireperson that followed Travisano, the following colloquy took place:

"The Court:You're out of challenges?

"[Defense Counsel]: That's correct, Your Honor. I have no challenge for cause."

That person became the fourth juror; the fifth and sixth jurors and one alternate were subsequently accepted by both defendants without challenge. The defendant requested no additional peremptory challenges from the court.

In examining the defendant's claim that he was deprived of a fair and impartial jury, we focus not on the challenged venirepersons but on those who actually sat on the jury that decided the defendant's case. *Ross* v. *Oklahoma*, 487 U.S. 81, 86, 108 S. Ct. 2273, 101 L. Ed. 2d 80 (1988); *State* v. *Tucker*, 226 Conn. 618, 631, 629 A.2d 1067 (1993); *State* v. *Pelletier*, 209 Conn. 564, 572–73, 552 A.2d 805 (1989). In the case at hand, as well as in *Ross* v. *Oklahoma*, supra, 86, none of the jurors who ultimately sat on the case was challenged for cause. Likewise, as in *Ross*, the defendant never suggested that any of the jurors that actually sat were not impartial. In addition, the defendant did not request an additional peremptory challenge to exercise against any of the seated jurors nor was there any indication that the defendant would have used a peremptory challenge against any of them if one had been available. Since no juror was forced on the defendant, he was not deprived of a fair and impartial jury by the trial court's failure to excuse two venirepersons for cause. *State* v. *Pelletier*, supra, 572–73.

The right to exercise peremptory challenges against prospective jurors is granted to Connecticut criminal defendants by the state constitution, which provides that "[i]n all civil and criminal actions tried by a jury,

the parties shall have the right to challenge jurors peremptorily, the number of such challenges to be established by law. . . ." Conn. Const., amend. IV. This right is also protected by General Statutes §§ 54-82g and 54-82h.

In *State* v. *Esposito*, 223 Conn. 299, 313, 613 A.2d 242 (1992), our Supreme Court stated: "Accordingly, we agree with numerous other courts throughout the nation that it is reversible error for a trial court to force an accused to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied." (Internal quotation marks omitted.)

In this case, the defendant failed to request any additional challenges. Immediately after the defendant had exhausted his peremptory challenges, he acknowledged, with respect to the next venireperson who became a juror, that he had no challenge for cause. He did not inform the trial court that an additional peremptory challenge was necessary to protect his rights to a fair and impartial jury. His mere statement that he had no challenge for cause did not imply a request for an additional peremptory challenge. Without challenging for cause or requesting an extra peremptory challenge, the defendant expressly accepted all subsequently seated jurors and the single alternate. The defendant has not sustained his burden on this claim.

The defendant's second claim is that by defining a reasonable doubt as one "in which a reasonable man or woman can give a valid reason" the trial court violated the defendant's right to due process of law under the federal and state constitutions and his right to a speedy and public trial by an impartial jury. We find no merit to this claim. The Supreme Court has consistently upheld this definition of a reasonable doubt and

concluded that when viewed in the context of an entire charge the definition does not dilute the state's burden of proof. *State* v. *Kelley*, 229 Conn. 557, 567–68, 643 A.2d 854 (1994). The court's charge in this case, when viewed as a whole, clearly defined the standard for proof beyond a reasonable doubt.

The judgment is affirmed.

In this opinion the other judges concurred.