## STATE OF CONNECTICUT v. TROY MOZELL
### (12394)

LAVERY, HENNESSY and FREEDMAN, Js.

Argued November 7, 1994—decision released January 31, 1995

---

*Jeffrey D. Hutcoe,* for the appellant (defendant).

*Nancy L. Gillespie,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *John M. Waddock,* assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant, Troy Mozell, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b),[1] and conspiracy to sell narcotics in violation of General Statutes § 53a-48.[2] The defendant claims that the trial court improperly admitted into evidence a gun and testimony of a witness regarding the gun. Although we agree that the trial court improperly admitted the evidence, we conclude that the error was harmless.

The following facts are relevant to this appeal. In early March, 1991, the defendant and others were under surveillance by the New Haven police as suspected members of a drug ring. As a result of observations made and information obtained during this surveillance, search warrants were issued in early March for the residences of Millicent Parker and Nicole

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance hallucinogenic substance, other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

[2] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

Lowery. At Parker's home, various items used in drug packaging were found, as well as a safe containing a large quantity of cocaine. At Lowery's home, a .38 caliber handgun was found. On the basis of this evidence and the surveillance of the New Haven police, the defendant was arrested and charged with conspiracy to sell narcotics and possession of narcotics with intent to sell.

At trial, Everitt Thompson, a charged coconspirator, testified that in late February he had seen Ernest Williams, the suspected leader of the drug ring, carrying a gun. Lowery, also a charged coconspirator, testified that at the end of February, a week or more before the search warrant for her home was executed, Williams, who was her boyfriend, came to her apartment and gave her a gun. She further testified that at the time Williams brought the gun to her apartment he was accompanied by the defendant. The gun remained in Lowery's apartment from the time Williams brought it there, in late February, until it was seized by the police pursuant to the search warrant executed on March 6, 1991.

At trial, over the defendant's objection, the gun and Lowery's testimony about the gun were admitted into evidence. At the conclusion of the trial, the jury rendered a verdict of guilty of both possession of narcotics with intent to sell and conspiracy to sell narcotics. This appeal followed.

The sole issue on appeal is whether the trial court properly admitted into evidence a gun possessed by a charged coconspirator and testimony of another charged coconspirator concerning the gun. The prosecution contends that evidence that a charged coconspirator possessed a gun, with the defendant's knowledge, was relevant to show the defendant's intent to participate in a conspiracy to sell drugs. The defendant

argues that because there was no evidence tying the seized gun to the alleged conspiracy, the gun and Lowery's testimony concerning the gun were improperly admitted into evidence. We agree with the defendant.

As a matter of hornbook law, evidence of other crimes or bad acts is normally treated as inadmissible character evidence. See, e.g., 1 C. McCormick, Evidence (4th Ed. 1992) § 190. An exception to this general rule is that such evidence may be admissible to prove the existence of a larger plan, scheme or conspiracy of which the crime charged at trial is a part. Id., pp. 800–801. In applying this rule and its exception, our Supreme Court has held that evidence that a defendant possessed instruments or articles adapted to the commission of other crimes is inadmissible, unless such evidence tends to establish a fact in issue or to corroborate other direct evidence in the case. *State v. Acklin*, 171 Conn. 105, 114, 368 A.2d 212 (1976). We note, however, that our review of evidentiary claims is limited. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the trial court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *State v. Coleman*, 35 Conn. App. 279, 285, 646 A.2d 213, cert. denied, 231 Conn. 928, 648 A.2d 879 (1994).

Urging us to find that the trial court properly admitted into evidence the gun and Lowery's testimony about the gun, the state calls our attention to a series of cases wherein illegal involvement in the drug trade invariably involves the presence of guns. The state argues that given a well established connection between guns and drugs, the introduction of the gun and testimony about the gun in this case help to prove the defendant's participation in a conspiracy to distribute drugs. We do not agree.

Connecticut courts have repeatedly noted that "[t]here is a well established correlation between drug dealing and firearms." *State* v. *Cooper*, 227 Conn. 417, 426 n.5, 630 A.2d 1043 (1993); see also *State* v. *Carter*, 228 Conn. 412, 424 n.15, 636 A.2d 821 (1994); *State* v. *Delossantos*, 211 Conn. 258, 281, 559 A.2d 164, cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989); *State* v. *Lee*, 30 Conn. App. 470, 489, 620 A.2d 1303, aff'd, 229 Conn. 60, 640 A.2d 553 (1993). Contrary to the state's suggestion, these cases do not mandate the admissibility of the challenged evidence in this case. In each of these cases, guns, or testimony about the presence of guns, was relevant and material for reasons other than a "well established correlation between drug dealing and firearms."

*State* v. *Cooper*, supra, 227 Conn. 426 n.5, and *State* v. *Carter*, supra, 228 Conn. 424–25 n.15, do not bear on the present case, as they dealt with the admissibility of prior convictions for drug dealing in cases involving shootings in order to support allegations that the shootings were drug related. The state's reliance on *State* v. *Delossantos*, supra, 211 Conn. 281, and *State* v. *Lee*, supra, 30 Conn. App. 489, is no more persuasive. In *Delossantos*, the court admitted testimony of the defendant's possession of a loaded gun in a car where drugs were found and allowed the state to introduce expert evidence that individuals possessing large amounts of drugs often carry weapons for protection. Unlike the present case, *Delossantos* involved a gun that admittedly belonged to the defendant and that was physically present at the same time and in the same place as drugs to which the defendant denied any connection. *State* v. *Delossantos*, supra, 281. In *Lee*, this court allowed evidence of firearms found in the defendant's home when the defendant was charged with attempted possession of more than one kilogram of marijuana. *Lee* also differs from the present case because

the guns involved were actually in the defendant's home. *State* v. *Lee*, supra, 489.[3]

In this case the defendant was never alleged or shown to be in possession of the gun. Nor was the gun alleged or shown to be involved in any of the activities observed by the surveillance team. The gun was in Lowery's apartment prior to the time surveillance began and remained there until it was seized. There was no connection between the gun and the offense charged in this case; nor was there any connection between the gun and the defendant. "It is error to allow into evidence [articles or] testimony concerning articles seized . . . that tend to indicate criminal propensity when those articles are not connected to the commission of the crime charged." *State* v. *Coleman*, supra, 35 Conn. App. 287; see also *State* v. *Acklin*, supra, 171 Conn. 114. We conclude, under the facts of this case, that the trial court abused its discretion in admitting the gun into evidence and allowing the testimony of Lowery concerning the gun.

Our analysis, however, does not end here. Having concluded that the trial court improperly admitted the gun into evidence, we must next determine whether this error was harmful. *State* v. *Coleman*, supra, 35 Conn. App. 285. We hold that it was not.

"When, as is true here, an error in a criminal case does not involve a constitutional violation, the burden is on the defendant to demonstrate the harmfulness of the court's error. The defendant must show that it is

---

[3] We are also not persuaded by the federal precedent cited in the state's brief. Those cases, which involve the admissibility of firearms in a prosecution for dealing narcotics, inevitably deal with firearms that were unquestionably under the dominion and control of the defendant, not a coconspirator. See, e.g., *United States* v. *Fagan*, 996 F.2d 1009, 1015 (9th Cir. 1993); *United States* v. *Saget*, 991 F.2d 702, 709 (11th Cir. 1993); *United States* v. *Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991); *United States* v. *Rodriguez*, 765 F.2d 1546, 1562 (11th Cir. 1985).

more probable than not that the erroneous action of the court affected the result [of the trial]. . . . *State* v. *Hoeplinger,* 27 Conn. App. 643, 649, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992); see also *State* v. *Ruth,* 181 Conn. 187, 196–97, 435 A.2d 3 (1980)." (Internal quotation marks omitted.) *State* v. *Coleman,* supra, 35 Conn. App. 288.

The defendant has failed to demonstrate how the admission of Lowery's testimony and the introduction of the gun into evidence were harmful to him. The state introduced evidence from which the jury could reasonably have concluded that the defendant exercised control over the drugs found in the safe in Parker's apartment, that the defendant had gone with others to the safe in Parker's apartment and removed drugs to be sold, that the defendant had participated with others in street sales of drugs, and that the defendant, again with others, had prepared cocaine for sale in Parker's apartment. These activities provide such substantial evidence of a conspiracy to sell drugs that we cannot conclude that it is more probable than not that the exclusion of the gun and Lowery's testimony about the gun would have affected the outcome of the trial. Because the defendant has failed to meet his burden of proving that the error was harmful, his claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.