## DANA MOZELL *v.* COMMISSIONER OF CORRECTION
### (AC 24428)

Bishop, DiPentima and Hennessy, Js.

Argued November 16, 2004—officially released February 22, 2005

*David B. Rozwaski,* special public defender, for the appellant (petitioner).

*Melissa L. Streeto,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Dana Mozell, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. He premises his appeal on the alleged ineffective assistance of his appellate counsel. We affirm the judgment of the habeas court.

The petitioner was charged and, following a jury trial, convicted of possession of narcotics with intent to sell in violation of General Statutes § 21a-278 and conspiracy to sell narcotics in violation of General Statutes §§ 21a-278 and 53a-48. He was sentenced to fourteen years imprisonment, execution suspended after ten years, with five years probation. From that judgment, the petitioner appealed to this court, claiming that the trial court's denial of his motions to excuse two venirepersons for cause denied him his right to a fair and impartial jury and that the court improperly instructed

the jury on reasonable doubt. We affirmed the judgment of the trial court. *State* v. *Mozell,* 36 Conn. App. 631, 635, 652 A.2d 1038, cert. denied, 232 Conn. 917, 655 A.2d 261 (1995).

On February 19, 2002, the petitioner filed an amended petition for a writ of habeas corpus that alleged both ineffective assistance of trial counsel and ineffective assistance of appellate counsel.[1] After the first day of proceedings before the habeas court, the petitioner withdrew all claims of ineffective assistance of trial counsel. By memorandum of decision filed June 10, 2003, the habeas court dismissed the petition for a writ of habeas corpus. The court subsequently granted the petitioner certification to appeal, and this appeal followed.

Before considering the petitioner's specific claims, we first address the applicable standard of review. In *Strickland* v. *Washington,* 466 U.S. 668, 671, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court articulated a two part analysis for evaluating constitutional claims of ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 687. Our Supreme Court has adopted that two part analysis in reviewing claims of ineffective assistance of appellate counsel. *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 455, 610 A.2d 598 (1992); *Sekou* v. *Warden,*

---

[1] The petitioner was represented by private counsel at trial and by the office of the public defender on appeal.

216 Conn. 678, 690, 583 A.2d 1277 (1990); *Valeriano* v. *Bronson*, 209 Conn. 75, 83–84, 546 A.2d 1380 (1988).

The first part of the *Strickland* analysis requires the petitioner to establish that appellate counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 701, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland* v. *Washington*, supra, 466 U.S. 689. The right to counsel is not the right to perfect representation. *Siano* v. *Warden*, 31 Conn. App. 94, 97, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993). "While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." (Internal quotation marks omitted.) *McIver* v. *Warden*, 28 Conn. App. 195, 202, 612 A.2d 103, cert. denied, 224 Conn. 906, 615 A.2d 1048 (1992). Indeed, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." (Internal quotation marks omitted.) *Valeriano* v. *Bronson*, supra, 209 Conn. 89. "Most cases present only one, two, or three significant questions. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones." (Internal quotation marks omitted.) *State* v. *Pelletier*, 209 Conn. 564, 567, 552 A.2d 805 (1989). Our Supreme Court has stated that "[i]t is possible to leave out a dispositive issue on

appeal and nevertheless, to have furnished a petitioner with adequate counsel under the sixth amendment." *Valeriano* v. *Bronson*, supra, 87. Finally, "[i]f the issues not raised by his appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation." *Sekou* v. *Warden*, supra, 216 Conn. 690.

The seminal case of *Bunkley* v. *Commissioner of Correction*, supra, 222 Conn. 444, considered the prejudice prong of the *Strickland* analysis in claims of ineffective assistance of appellate counsel. Rejecting the petitioner's contention that the proper analytical focus is the probable result of the appeal, the *Bunkley* court explained that the proper focus instead is the result of the trial. Id., 454. To satisfy the prejudice prong, a petitioner must, thus, establish that, as a result of appellate counsel's deficient performance, "there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. Put another way, he must establish that, because of the failure of his appellate counsel to raise a [particular] claim, there is a reasonable probability that he remains burdened by an unreliable determination of his guilt." Id. In order to prevail on a claim of ineffective assistance of appellate counsel, therefore, a habeas petitioner must show not only that his appeal would have been sustained but for counsel's deficient performance, but also that there is a reasonable probability that the trial verdict would have been different.[2]

Our review of the judgment of the habeas court is carefully circumscribed. "The underlying historical

---

[2] We note that the petitioner's burden of establishing prejudice in claims of ineffective assistance of trial counsel and claims of ineffective assistance of appellate counsel is the same. *Bunkley* v. *Commissioner of Correction*, supra, 222 Conn. 458–59.

facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 152–53, 662 A.2d 718 (1995). With this standard in mind, we turn to the petitioner's claims on appeal.

The petitioner claims that the court improperly dismissed his petition for a writ of habeas corpus. He contends that his appellate counsel was ineffective and that counsel's representation fell below the required standard of reasonable competence in that counsel failed to raise three issues to which objections were made at trial. We address each issue in turn.

I

The petitioner first claims that appellate counsel failed to raise the issue of the trial court's admission of evidence that a coconspirator possessed a gun. He relies primarily on our decision in *State* v. *Mozell*, 36 Conn. App. 672, 677, 652 A.2d 1060 (1995), in which we held that the same evidence was improperly admitted in his brother's case. In that decision, we concluded that the error was harmless in light of the substantial evidence of a conspiracy to sell narcotics. Id., 678. The habeas court likewise concluded in the present case that the admission of the gun evidence was harmless, finding that "there was sufficient additional evidence presented against the petitioner at trial to justify appellate counsel's decision to not pursue this claim on appeal." We agree. The petitioner and his brother were under police surveillance in March, 2001. The New Haven police observed, inter alia, the petitioner engage

in curbside hand-to-hand transactions involving ziplock bags. A search warrant executed on 343 Peck Street in New Haven, where Millicent Parker resided, produced 1192 vials of cocaine, numerous empty vials and a package of empty ziplock bags. Parker gave a statement to the police indicating that the petitioner packaged and sold cocaine. Likewise, Terrence Thompson gave a statement to the police implicating the petitioner and Troy Mozell as distributors in a cocaine conspiracy. In light of this evidence and our decision in *State* v. *Mozell*, supra, 678, we affirm the habeas court's conclusion that appellate counsel was not ineffective in failing to pursue this claim.

## II

The petitioner next claims that the court improperly admitted the testimony of Nicole Lowery despite the fact that her tape-recorded statement made prior to trial had been lost. Although the tape recording of Lowery's statement was lost, it is undisputed that a written transcription of that statement existed. At trial, Lowery testified that the transcript accurately reflected her statement provided to the police. In *State* v. *Mozell*, supra, 36 Conn. App. 677–78, we concluded that although the admission of Lowery's testimony concerning the gun was improper,[3] its harmfulness had not been proven. Even if we presume that Lowery's testimony was improper in this case, the petitioner has not established its harmfulness. If anything, that testimony is less harmful here than in *State* v. *Mozell*, supra, 36 Conn. App. 672, because Lowery's statement, while implicating Troy Mozell, never mentioned the petitioner. Thus, the petitioner's attack on appellate counsel's decision not to pursue that claim on appeal was rejected properly by the habeas court.

---

[3] In *State* v. *Mozell*, supra, 36 Conn. App. 675–77, we held that Lowery's testimony concerning the gun was improper because there was no evidence tying the seized gun to the alleged conspiracy.

### III

The petitioner's final claim is that appellate counsel failed to raise the issue of the trial court's denial of his motion to sever his trial from that of his coconspirator. "The decision of whether to order severance of cases joined for trial is within the discretion of the trial court, and the exercise of that discretion [may] not be disturbed unless it has been manifestly abused. . . . It is the defendant's burden on appeal to show that the denial of severance resulted in substantial injustice, and that any resulting prejudice was beyond the curative power of the court's instructions." (Citations omitted; internal quotation marks omitted.) *State* v. *Boscarino*, 204 Conn. 714, 720–21, 529 A.2d 1260 (1987).

The coconspirator in this case was the petitioner's brother, Troy Mozell. At trial, the petitioner and his brother maintained their innocence and claimed that the narcotics did not belong to them. Neither testified at trial, nor did they offer witnesses implicating the other. During the habeas trial, the petitioner's trial counsel conceded that the petitioner and his brother did not have antagonistic defenses and testified that, on the basis of Connecticut precedent, he did not have a strong legal basis for severance.

The petitioner's appellate counsel testified that she had been a public defender since 1978 and had served in the appellate unit of the public defender's office for more than ten years while working on approximately 100 appeals. She stated that because the petitioner and Troy Mozell did not have antagonistic defenses, a claim predicated on the motion to sever could not prevail. "To compel severance the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive." (Internal quotation marks omitted.) *State* v. *Booth*, 250 Conn. 611, 621, 737 A.2d 404 (1999), cert. denied sub nom. *Brown* v. *Connecticut*, 529 U.S. 1060,

120 S. Ct. 1568, 146 L. Ed. 2d 471 (2000). For that reason, she decided not to pursue the claim.

Further, although the petitioner's trial counsel stated that had the petitioner been tried separately, he would have attempted to implicate Troy Mozell, the petitioner's mere assertion that he intended to blame his brother for the crime is not sufficient to overcome the presumption of a joint trial. See id. The petitioner also claims that the gun evidence and Lowery's testimony would not have been admitted against him had the cases been severed. In light of our determination that the petitioner has failed to meet his burden of proving that those alleged errors were harmful, his contention is without merit.

The petitioner has failed to establish that the denial of his motion to sever resulted in substantial injustice. Accordingly, his claim must fail.

We conclude that the tactical decision made by the petitioner's appellate counsel not to pursue those three issues on appeal falls within the wide range of reasonable professional assistance. For that reason, the habeas court properly dismissed the petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.