******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TROY MOZELL *v.* COMMISSIONER OF CORRECTION
(AC 34568)

Beach, Alvord and Bear, Js.

*Argued September 24, 2013—officially released January 28, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Cheryl A. Juniewic*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Troy Mozell, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing the fourth count of his petition for a writ of habeas corpus "with prejudice." The petitioner claims that the court erred in (1) denying his oral motion to amend his petition, and (2) accepting his withdrawal of count four of his petition "with prejudice." The petitioner also claims that the court abused its discretion in denying his petition for certification to appeal. We dismiss the appeal with respect to the first claim. With respect to the second claim, we agree that the court abused its discretion in denying the petition for certification to appeal, but conclude that the petitioner cannot prevail on the merits of his claim.

This court has previously set forth the following facts that the jury reasonably could have found at the petitioner's underlying criminal trial. In March, 1991, the petitioner and others were under surveillance by the New Haven police as suspected members of a drug ring. *State* v. *Mozell*, 36 Conn. App. 672, 673, 652 A.2d 1060 (1995). After obtaining search warrants, the police found a .38 caliber handgun at the residence of Nicole Lowery and a safe containing a large quantity of crack cocaine at a residence of another suspected member of the drug ring. Id. The petitioner was arrested and later convicted, following a jury trial, of possession of narcotics with intent to sell in violation of General Statutes § 21a-278, and conspiracy to sell narcotics in violation of General Statutes §§ 21a-278 and 53a-48. Id. His conviction was upheld on appeal. Id., 672. In his first habeas petition, the petitioner alleged that his appellate counsel was ineffective for failing to raise various issues on direct appeal. *Mozell* v. *Commissioner of Correction*, 51 Conn. App. 818, 820, 725 A.2d 971 (1999). The habeas court's dismissal of his petition was upheld on appeal. Id., 824. The petitioner filed a second habeas petition, which the habeas court denied. The denial of his petition by the habeas court was affirmed on appeal. See *Mozell* v. *Commissioner of Correction*, 120 Conn. App. 902, 990 A.2d 391, cert. denied, 297 Conn. 906, 995 A.2d 634 (2010).

In September, 2009, the petitioner filed his third habeas petition, which is the subject of this appeal. In his second amended petition, the petitioner alleged ineffective assistance of trial counsel (count one), direct appellate counsel (count two), first habeas counsel (count three), and second habeas counsel (count four). The respondent, the Commissioner of Correction, moved to dismiss counts one through three of the second amended petition on the ground that those counts "present the same grounds as a prior petition previously denied and [fail] to state new facts or proffer new evidence not reasonably available at the time of the

prior petition."

On February 22, 2012, the day on which the habeas trial was to begin, the court granted the respondent's motion to dismiss, reasoning that "counts one, two and three [of the second amended petition] involve the same or substantially the same grounds that have or could have been raised in prior petitions, seek the same relief, and fail to allege any facts that were not reasonably available to the petitioner at the time the other petitions were pursued." The court noted that "[t]hat leaves us with count four, which is an ineffective assistance claim against prior habeas counsel . . . ." When the court inquired as to whether the petitioner's counsel was ready to proceed on count four, the petitioner's counsel asked the court for permission to amend the habeas petition, and the court, at counsel's request, permitted the petitioner to address the court personally to state the nature of the claims sought to be added. After the court denied this request, the petitioner, addressing the court himself, stated, "I wish to move to withdraw my habeas, then. There's no sense of going through the whole process . . . ." The court called a recess to give the petitioner a chance to talk to his counsel.

Following the recess, the petitioner's counsel informed the court that the petitioner still wanted to withdraw the habeas petition.[1] The court stated that if the petitioner wanted to withdraw the fourth count, the court would accept the withdrawal, but only with prejudice.[2] The court explained the ramifications, and, after providing the petitioner with another opportunity to discuss the matter with counsel, asked the petitioner if he still wanted to withdraw his petition, to which question the petitioner answered affirmatively. The court accepted the withdrawal and the words "with prejudice" were added to the withdrawal form. The court thereafter denied the petition for certification to appeal from the habeas court's judgment. This appeal followed.

We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. "In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), we concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), we incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in deny-

ing certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Castonguay* v. *Commissioner of Correction*, 300 Conn. 649, 657–58, 16 A.3d 676 (2011).

I

The petitioner first claims that the court abused its discretion in denying his oral motion to amend his petition.[3] We conclude that the court properly denied the petition for certification to appeal with regard to this claim.

"We will not disturb a habeas court's grant or denial of permission to amend a pleading in the absence of a clear abuse of discretion. . . . Pursuant to Practice Book § 23-32, [t]he petitioner may amend the petition at any time prior to the filing of the return. Following the return, any pleading may be amended with leave of the judicial authority for good cause shown. . . . While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Pierce* v. *Commissioner of Correction*, 100 Conn. App. 1, 6–7, 916 A.2d 864, cert. denied, 282 Conn. 908, 920 A.2d 1017 (2007).

At the petitioner's criminal trial, the gun found at Lowery's residence was admitted into evidence over his objection. See *State* v. *Mozell*, supra, 36 Conn. App. 674. On February 22, 2012, at the habeas trial at issue, the petitioner himself addressed the court following the court's granting of the respondent's motion to dismiss. He asked that the court permit him to amend his petition to include a claim that the trial court violated his right to due process by (1) permitting into evidence Lowery's gun and (2) by permitting the introduction into evidence of "gang evidence" at his criminal trial. The court denied

the petitioner's request and reasoned that, with reference to Practice Book § 23-32, the return already had been filed and that the petitioner had not shown good cause.

It was not an abuse of discretion for the court not to allow the petitioner to amend his petition on the day of trial to add additional claims regarding alleged improprieties that had occurred at his criminal trial. See *Pierce* v. *Commissioner of Correction*, supra, 100 Conn. App. 7 (not abuse of discretion for habeas court to deny motion to amend petition where return already filed and motion to amend filed two weeks prior to habeas trial). Additionally, on direct appeal in *State* v. *Mozell*, supra, 36 Conn. App. 677–78, this court already had held that the trial court abused its discretion in admitting Lowery's gun into evidence and allowing the testimony of Lowery concerning the gun, but that the errors were harmless.

Because this issue is not debatable among jurists of reason and does not deserve encouragement to proceed further, and a court could not resolve the issue in a different manner; see *Simms* v. *Warden*, supra, 230 Conn. 618; the habeas court did not abuse its discretion in denying the petition for certification to appeal from its denial of the habeas petition on this ground.

## II

The petitioner next claims that the court erred in accepting his withdrawal of the fourth count of his petition "with prejudice." We are not persuaded.

We begin by addressing the respondent's argument that this claim is not ripe for review. The respondent reasons that the claim is not justiciable because withdrawal with prejudice was not necessarily binding on any subsequent habeas court and that any alleged prejudice is merely speculative until a future attempt to refile the petition is frustrated. We disagree.

"Ripeness is a justiciability doctrine, which implicates the court's subject matter jurisdiction." *Bloom* v. *Miklovich*, 111 Conn. App. 323, 336, 958 A.2d 1283 (2008). An issue regarding justiciability presents a question of law, over which review is plenary. See *Esposito* v. *Specyalski*, 268 Conn. 336, 347–48, 844 A.2d 211 (2004). "[T]he rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . . Accordingly, in determining whether a case is ripe, a trial court must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent [on] some event that has not and indeed may never transpire." (Internal quotation marks omitted.) *Janulawicz* v. *Commissioner of Correction*, 310 Conn. 265, 271, 77 A.3d 113 (2013).

We conclude that the petitioner's claim is ripe for

review. Although the petitioner may choose not to refile the fourth count in a new petition, or perhaps may somehow be able to raise the claim in some forum in the future, the withdrawal of that count "with prejudice" does not constitute a hypothetical injury[4] contingent on a future event. The court's decision constituted a final adjudication ending this matter and concluded the petitioner's rights with respect to *this* case. The term "with prejudice" means "[w]ith loss of all rights; in a way that finally disposes of a party's claim and bars any future action on that claim . . . ." Black's Law Dictionary (9th Ed. 2009); compare *Schmier* v. *McDonald's, LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (under [Federal Rules of Civil Procedure] voluntary dismissal with prejudice operates as final adjudication on merits);[5] *Feinsod* v. *Noon*, 261 N.J. Super. 82, 84, 617 A.2d 1234 (App. Div. 1992) (withdrawal with prejudice amounts to final disposition on matter).

Having determined that the claim is ripe, we now turn to the merits. The petitioner argues that the court erred in accepting his withdrawal "with prejudice" because a withdrawal with prejudice does not and should not exist within our jurisprudence. He reasons that the voluntariness of a withdrawal is nullified when a court accepts a withdrawal with prejudice. He further contends that the habeas court may grant a dismissal only for one or more of the reasons listed in Practice Book § 23-29 and that "[p]rior to the court granting a dismissal, an evidentiary hearing[6] must be held on the issue."[7]

The disposition of withdrawal with prejudice exists within Connecticut jurisprudence. See *Fine* v. *Commissioner of Correction*, 147 Conn. App. 136,      A.3d (2013) (discussing canvass requirements for withdrawal with prejudice); see also *Mason* v. *Commissioner of Correction*, 80 Conn. App. 142, 144 n.1, 832 A.2d 1216 (2003), cert. denied, 267 Conn. 910, 840 A.2d 1172 (2004). Indeed, the disposition of withdrawal with prejudice is a logically compelling disposition in some circumstances. A plaintiff is generally empowered, though not without limitation, to withdraw a complaint before commencement of a hearing on the merits. See General Statutes § 52-80. A plaintiff is not entitled to withdraw a complaint without consequence at such hearing. See, e.g., *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 62 A.3d 629, cert. denied, 310 Conn. 921, 77 A.3d 143 (2013). The disposition of withdrawal with prejudice is well suited to the situation here. The petitioner, therefore, cannot prevail on his claim that the marking of "with prejudice" was erroneous on the ground that it did not precisely fall into a category specified in Practice Book § 23-29.[8]

The withdrawal with prejudice did not violate the petitioner's constitutional rights; the record shows it was knowing, voluntary and intelligent.[9] Cf. *Fine* v.

*Commissioner of Correction*, supra, 147 Conn. App. 147;[10] see also *Michigan Surgery Investment, LLC* v. *Arman*, 627 F.3d 572, 575 (6th Cir. 2010) (before converting motion for voluntary dismissal without prejudice into dismissal with prejudice, under Federal Rules of Civil Procedure, court must [1] give notice of intention to do so, [2] give plaintiff opportunity to be heard in opposition and [3] must give plaintiff opportunity to withdraw request for voluntary dismissal and proceed with litigation).[11] After the petitioner asked to withdraw the fourth count, the court informed him that the withdrawal would be "with prejudice." The court explained to the petitioner the "potential ramifications" of a withdrawal with prejudice, stating: "That doesn't mean that you can't bring another petition in the future . . . . But what will happen, likely, is, when you bring that new petition—it could be before me if I'm still here; it could be before another judge—the [respondent] is going to argue that . . . you were allowed to withdraw your last petition with prejudice . . . . It's a successive petition; that we're all wound up here ready to go; that we have witnesses set up, and everybody is prepared to go forward. Whether another judge would agree with that or not, I don't know. I can't tell you what would happen, but it's a risk that you're taking, and that's what you need to understand." The court then gave the petitioner time to discuss the matter with his counsel, after which the court asked the petitioner: "[Y]ou have decided after talking to your attorney that you do, in fact, wish to withdraw your case, is that right?" The petitioner answered: "Yes." The court adequately informed the petitioner of the ramifications,[12] and the petitioner still wanted to proceed with the withdrawal.

The court acted within its discretion in accepting the withdrawal and adding, "with prejudice." The court explained: "[T]oo much has happened today in connection with this case to allow it to be withdrawn not with prejudice . . . . And under the circumstances—many of which have been expressed today by [the respondent's counsel]—that is why I am adding the with prejudice in this particular case." The respondent's counsel had expressed the notion that the petitioner should not be permitted to withdraw the fourth count without prejudice. Witnesses had been subpoenaed and were in court ready to proceed; expense such as setting up videoconferencing for a witness in Nevada had been incurred; evidence had begun, according to the respondent's counsel, in that some exhibits had already been admitted in full;[13] this was the petitioner's third habeas action; and that "[t]his is not exactly a new thing for [the petitioner] to get to trial and be unhappy and attempt to withdraw." Habeas courts are given wide latitude in fashioning remedies. See *Negron* v. *Warden*, 180 Conn. 153, 166 n.6, 429 A.2d 841 (1980) ("[H]abeas corpus has traditionally been regarded as governed by equitable principles. . . . Among them is the principle that a suit-

or's conduct in relation to the matter at hand may disentitle him to the relief he seeks." [Internal quotation marks omitted.]).

We determine that the court abused its discretion in denying the petition for certification to appeal on this claim because it is debatable among jurists of reason. We, conclude, however, that the petitioner cannot prevail on the merits of this claim because the court acted within its discretion in accepting the withdrawal of the fourth count but only "with prejudice."

The appeal is dismissed as to the first claim and the judgment is affirmed as to the second claim.

In this opinion the other judges concurred.

[1] The petitioner's counsel asked to "withdraw the current habeas petition . . . ." The court later clarified that it had granted the respondent's motion to dismiss counts one through three, and asked the petitioner whether he was currently seeking to withdraw the remaining fourth count. To which question, the petitioner answered, "Yes." The judgment file indicates that counts one through three were dismissed and count four was "withdrawn . . . ." The petitioner makes no claim on appeal regarding the dismissal of counts one through three.

[2] For reasons we will discuss, we hold that a withdrawal "with prejudice" is the functional equivalent of a dismissal.

[3] The petitioner also claims that the court violated his right to due process under the state and federal constitutions when it denied his oral motion to amend his habeas petition. There is no merit to this claim.

[4] The injury at this point, of course, is that this case concluded without affording relief to the petitioner.

[5] Precisely like "withdrawal with prejudice," a "voluntary dismissal" pursuant to the Federal Rules of Civil Procedure is a disposition initiated by a plaintiff, which, if the court decides to dispose of the cause of action, is a dismissal "with prejudice." See *Cabrera* v. *Esso Standard Oil Co (Puerto Rico), Inc.*, 723 F.3d 82, 87 (1st Cir. 2013) ("Rule 41 [a] [2] permits a plaintiff to request dismissal of an action by court order, on terms that the court considers proper. . . . The rule . . . provides that such a dismissal is without prejudice, [u]nless the [court's] order states otherwise. . . . Accordingly, dismissal without prejudice is the norm, unless the court finds that the defendant will suffer legal prejudice." [Citations omitted; internal quotation marks omitted.]).

[6] The petitioner has not indicated why an *evidentiary* hearing was required to resolve the issues presented in this appeal. He cites *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 644 A.2d 340 (1994). *Mercer*, however, stands for the rather unremarkable proposition that determinations of the merits of a habeas corpus action ordinarily require evidentiary hearings. The case before us is in a different posture altogether.

[7] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

[8] But see Practice Book § 23-29 (5). Under that subsection, the court may dismiss the petition or any count thereof if it determines that "any other legally sufficient ground for dismissal of the petition exists." Practice Book § 23-29 (5).

Nevertheless, the petitioner's argument that the court failed to provide him with a hearing pursuant to Practice Book § 23-29 (3) fails. Whatever the requirements of Practice Book § 23-29 (3) are, they do not apply even if the court had dismissed count four because the fourth count itself was not raised in a prior habeas petition.

[9] The petitioner cites no authority for the proposition that his constitu-

tional rights were violated, and we conclude that there is no merit to this claim.

[10] *Fine* sets forth the procedures to be followed for a withdrawal with prejudice, but concluded that the record was inadequate to determine in that case whether such a withdrawal occurred. We conclude in this case that a court, under certain circumstances, may accept a withdrawal only with prejudice. Both a withdrawal with prejudice and a dismissal end a case with finality and are functionally one in the same. A court is permitted under Practice Book § 23-29 (5) to end a case via a dismissal, sua sponte, for any "legally sufficient ground . . . ." A court, then, by analogy, is also permitted to end a case via the acceptance of a withdrawal with the sua sponte addition of "with prejudice," but only so long as the constitutional safeguards addressed in *Fine* are followed.

[11] By analogy to the Federal Rules of Civil Procedure, a petitioner's request to withdraw can be converted into a withdrawal with prejudice, as long as certain safeguards are in place.

[12] Prior to finally accepting the withdrawal with prejudice, the court informed the petitioner that if the court accepted the withdrawal, there could well be significant impediments to bringing the same claims again. The court stated that it could not predict with certainty what might happen but said that the respondent would likely argue that he had been prepared before and that the petitioner ought not be able to bring the same claim again. In light of our law regarding successive petitions, the court's advice was substantially accurate.

[13] The petitioner does not argue that he should have been permitted to withdraw his petition under General Statutes § 52-80 ("The plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action . . . only by leave of court for cause shown."). He was, nonetheless, permitted to withdraw his petition and although § 52-80 does not say what happens when a withdrawal is accomplished after commencement of trial, its implication is clear.