******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# DEVON SMITH *v.* COMMISSIONER OF CORRECTION
## (AC 40747)

Keller, Prescott and Pellegrino, Js.

*Syllabus*

The petitioner sought a writ of habeas corpus, claiming, inter alia, that he received ineffective assistance from his criminal trial counsel. After the habeas court granted the motion to dismiss the third count of the amended petition alleging actual innocence filed by the respondent Commissioner of Correction, the petitioner filed a withdrawal of the remaining counts of the habeas petition, which the habeas court accepted with prejudice. Subsequently, the habeas court granted the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the petitioner could not prevail in his claim that the habeas court erred in accepting the withdrawal of his habeas petition only with prejudice; that court acted within its discretion in accepting the withdrawal with prejudice, as the petitioner had filed and withdrawn numerous prior habeas petitions, all of which he withdrew before trial, the petitioner was provided every opportunity to continue to litigate his prior habeas petitions and had a full opportunity to be heard, trial was continued on five occasions, four continuances of which were granted at the petitioner's request, the habeas court was willing to continue the case and offered the petitioner a second day of trial in the future so that he could attempt to locate a potential witness, the petitioner sought to withdraw his petition on the eve of trial, when exhibits had been marked, counsel were ready to proceed, and witnesses had been subpoenaed and were ready to testify, and the petitioner, who had been extensively canvassed by the habeas court, was fully aware of the potential consequences of withdrawal.

Argued November 13, 2018—officially released February 19, 2019

*Procedural History*

Amended petition for writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Sferrazza, J.*, granted the respondent's motion to dismiss as to the third count of the amended petition and rendered partial judgment thereon; thereafter, the petitioner filed a withdrawal of the remaining counts of the amended petition, which the court, *Prats, J.*, accepted with prejudice; subsequently, the court, *Prats, J.*, denied the petitioner's motion for reconsideration and granted the petition for certification to appeal, and the petitioner appealed to this court. *Affirmed.*

*Justine F. Miller*, assigned counsel, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Tamara Grosso*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PELLEGRINO, J. The petitioner, Devon Smith, appeals from the judgment of the habeas court, *Prats, J.*, rendered when it granted the petitioner's motion to withdraw his petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion because it conditioned the petitioner's withdrawal of his petition to be with prejudice. We disagree and, accordingly, affirm the judgment of the habeas court.

The record reveals the following relevant facts and procedural history. In 1993, following a jury trial, the petitioner was found guilty of murder in violation of General Statutes § 53a-54a and sentenced to sixty years incarceration. *State* v. *Smith*, 46 Conn. App. 285, 298, 699 A.2d 250, cert. denied, 243 Conn. 930, 701 A.2d 662 (1997). This court affirmed the petitioner's conviction on direct appeal. Id.

In January, 2011, the petitioner, who was self-represented at the time, filed a habeas petition, which is the subject of this appeal. In the petition, the petitioner alleged, inter alia, that his criminal trial counsel, Kevin Randolph, provided ineffective assistance due to his failure to call a "number of witnesses."[1] The petitioner also represented that he had previously not filed a habeas petition.

On November 21, 2011, the habeas court, *Newson, J.*, granted the petitioner's motion for the appointment of counsel and appointed Dante Gallucci to represent the petitioner. Gallucci appeared before the habeas court on November 2, 2012, at which time he stated that it was his understanding that the petitioner had "filed a couple of [prior habeas petitions], but he withdrew them." Gallucci also stated: "[The petitioner] hasn't had any kind of substantive habeas on [the 1993] murder [conviction]. He's been involved in other habeas[es] with other cases." In response to Galluci's statements, the clerk of court identified several habeas petitions that the petitioner previously had filed.

On January 11, 2013, the petitioner appeared before the habeas court, *Solomon, J.*, by videoconference. During that conference, the court asked the petitioner whether he had previously filed habeas petitions and noted that court records indicated that he had filed seven prior habeas petitions. The petitioner then admitted to having filed other petitions involving his 1993 murder conviction but maintained that the issues in the current petition were different from those in the earlier petitions. Ultimately, in a filing dated September 10, 2013, the petitioner acknowledged previously having filed eight habeas actions, seven of which related to the petitioner's 1993 conviction.[2]

On April 3, 2013, the habeas court issued a scheduling order, in which it set the first day of trial for October

7, 2013. On September 13, 2013, less than a month before trial was scheduled to begin, the petitioner filed a motion requesting a continuance. The habeas court, *Newson, J.*, granted this motion on September 19, 2013. On September 17, 2013, Gallucci filed a motion to withdraw as the petitioner's counsel, which the habeas court, *Bright, J.*, granted on September 23, 2013. In October, 2013, Wade Luckett entered an appearance as the petitioner's counsel.

On June 6, 2014, the habeas court issued a new scheduling order, which postponed the start of trial until June 18, 2015. On January 2, 2015, the petitioner, through counsel, filed an amended habeas petition. On June 4, 2015, two weeks before trial, the petitioner again filed a motion to continue the trial date. In support of this motion, the petitioner identified four potential witnesses that he had yet to interview. The habeas court, *Oliver, J.*, granted the petitioner's motion on June 9, 2015, and subsequently rescheduled the trial for May 26, 2016.

On May 3, 2016, approximately three weeks before the trial was scheduled to begin, the petitioner filed a motion to amend his habeas petition because he had become aware that another witness, "Jesus Rodriguez, would have provided favorable, if not outright exculpatory, testimony on [the petitioner's] behalf . . . and was available to testify if he [were] called as a witness." The habeas court granted the petitioner's motion to amend and marked off the trial that had been scheduled to begin on May 26, 2016. The start of trial was then postponed to March 20, 2017. The petitioner filed a third amended habeas petition on March 8, 2017.

On March 15, 2017, five days before trial was scheduled to begin, the petitioner again asked that trial be continued, this time to accommodate two of his witnesses. The habeas court granted this request and rescheduled trial for July 17, 2017. On July 7, 2017, the respondent, the Commissioner of Correction, submitted a witness list for the trial. On July 17, 2017, the petitioner submitted an exhibit, which was marked for identification.

Prior to the commencement of trial on July 17, 2017, Luckett informed the habeas court, *Prats, J.*, that he was not ready to proceed because the petitioner wanted to withdraw his petition. The habeas court canvassed the petitioner regarding his desire to withdraw and informed him that if he withdrew his petition, it would be with prejudice, meaning he would be unable to raise the same claims in a subsequent habeas petition. In response, the petitioner stated that he had made the decision to withdraw the pending petition freely and voluntarily.

The petitioner also stated that it was his understanding that he "could withdraw the habeas at any time

prior to a hearing" without consequence. The court explained that the petitioner could withdraw his petition, but also stated: "[I]f you try to raise a new habeas in the future, there will be objection from the respondent in this case . . . we're on the eve of trial today. We have witnesses who have been subpoenaed for today. This case goes back six years . . . . [Present] [c]ounsel has been involved . . . since 2013. It's been scheduled for trial. There [have] been continuances.

"All of what has been done between now and then with a full opportunity to be heard. So just withdrawing it with the hope that later on you're going to file another [petition] with the same claims would not be appropriate. Do you understand? And it's going to meet objection, and if the court accepts your withdrawal today, it would be with prejudice, meaning that it would bar you from raising these claims [in the future]."

Luckett acknowledged that exhibits had been marked and witnesses had been subpoenaed and were present. He argued, however, that the petitioner should be permitted to withdraw his petition without prejudice because evidence had not yet been presented and because the petitioner's claims in the petition at issue had never been fully litigated. Additionally, Luckett asserted that a withdrawal without prejudice was warranted because there were potential witnesses whom the petitioner had been unable to locate, including Rodriguez. Luckett argued that Rodriguez was expected to provide exculpatory testimony and that he had hired several investigators to find Rodriguez, but that they had been unable to do so.

The habeas court told the petitioner that if he started trial that day it would grant the petitioner another day of trial in the future, which would allow the petitioner to continue to search for Rodriguez and the other witnesses whom the petitioner had been unable to locate. The habeas court reiterated that if the petitioner withdrew his petition, it would be with prejudice. Luckett stated that he was ready to begin trial that day but that he would let the petitioner make the ultimate decision regarding withdrawal.

The habeas court again canvassed the petitioner, stating: "[I]f I grant the withdrawal, just for the record, I want to be very clear that the court is going to do it with prejudice, and that later on, if you try to raise the same basis, there's going to be a very strong objection, and you're possibly going to be barred from raising this claim again. You understand that?" The petitioner responded: "I'll take my chances. Rather [not] have a hearing today and lose with certainty." The petitioner subsequently signed a withdrawal form that contained the notation, "withdrawal w[ith] prejudice accepted . . . after canvass on the record." Thereafter, the petitioner filed a motion to reconsider, which the habeas court denied on July 28, 2017. The petitioner then filed

a petition for certification to appeal the decision, which the habeas court granted on July 28, 2017. This appeal followed.

On appeal, the petitioner claims that the habeas court abused its discretion by stating that it would permit him to withdraw his petition only if it was with prejudice to filing a later petition raising the same claims. Specifically, the petitioner claims that the circumstances of the present case are not similar to those in which a court may order that a petition be withdrawn with prejudice. The respondent argues that the habeas court did not abuse its discretion because "the matter had been pending since 2011; counsel had made diligent efforts to locate desired witnesses; trial had been continued at least three times . . . trial was scheduled to begin that day; subpoenaed witnesses were present . . . exhibits had been marked; [the] petitioner's counsel was ready to proceed; the habeas court informed the petitioner that if he proceeded with trial as scheduled, it would schedule a second trial day; and, a withdrawal with prejudice is entirely consistent with our habeas jurisprudence." We agree with the respondent.

"We begin by setting out the standards of review governing this appeal. The decision by a habeas court to condition a withdrawal of a habeas petition on that withdrawal being with prejudice is, when authorized, a decision left to that court's discretion." (Internal quotation marks omitted.) *Kendall* v. *Commissioner of Correction*, 162 Conn. App. 23, 28, 130 A.3d 268 (2015). "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not impede or defeat the ends of substantial justice. . . . Inherent in the concept of judicial discretion is the idea of choice and a determination between competing considerations. . . . When reviewing claims under an abuse of discretion standard, the unquestioned rule is that great weight is due to the action of the trial court . . . . Under that standard, we must make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Our] review of such rulings is limited to questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Citation omitted; internal quotation marks omitted.) *Palumbo* v. *Barbardimos*, 163 Conn. App. 100, 110–11, 134 A.3d 696 (2016).

General Statutes § 52-80 provides in relevant part: "The plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action . . . only by leave of court for cause shown." "The term with prejudice means [w]ith loss of all rights; in a way that finally disposes of a party's claim and bars any

future action on that claim. . . . The disposition of withdrawal with prejudice exists within Connecticut jurisprudence. . . . Indeed, the disposition of withdrawal with prejudice is a logically compelling disposition in some circumstances. A plaintiff is generally empowered, though not without limitation, to withdraw a complaint before commencement of a hearing on the merits. . . . A plaintiff is not entitled to withdraw a complaint without consequence at such hearing. . . . The decision by a habeas court to condition a withdrawal of a habeas petition on that withdrawal being with prejudice is, when authorized, a decision left to that court's discretion." (Citations omitted; internal quotation marks omitted.) *Marra* v. *Commissioner of Correction*, 174 Conn. App. 440, 454–55, 166 A.3d 678, cert. denied, 327 Conn. 955, 171 A.3d 456 (2017).

Moreover, "[h]abeas courts are given wide latitude in fashioning remedies." *Mozell* v. *Commissioner of Correction*, 147 Conn. App. 748, 760, 83 A.3d 1174, cert. denied, 311 Conn. 928, 86 A.3d 1057 (2014). "[H]abeas corpus has traditionally been regarded as governed by equitable principles. . . . Among them is the principle that a [petitioner's] conduct in relation to the matter at hand may disentitle him to the relief he seeks." (Internal quotation marks omitted.) *Negron* v. *Warden*, 180 Conn. 153, 166 n.6, 429 A.2d 841 (1980). "A [petitioner] should never be permitted to abuse [his] right to voluntarily withdraw an action. Such abuse may be found if, in executing [his] right of withdrawal, the [petitioner] unduly prejudices the right of an opposing party or the withdrawal interferes with the court's ability to control its docket or enforce its rulings." *Palumbo* v. *Barbadimos*, supra, 163 Conn. App. 115.

"Significantly . . . [this] court . . . [has] recognized that in certain circumstances, a withdrawal of a petition *prior* to the commencement of a hearing on the merits could be deemed to be with prejudice . . . ." (Emphasis in original.) *Marra* v. *Commissioner of Correction*, supra, 174 Conn. App. 456. This court concluded that such circumstances existed in *Marra* and *Mozell*.

In *Marra* v. *Commissioner of Correction*, supra, 174 Conn. App. 454, this court concluded that, under the circumstances of that case, the habeas court properly determined that the petitioner's habeas action could not be maintained because his withdrawal of a previous habeas action was with prejudice. The petitioner in *Marra* executed a withdrawal of his previous habeas action the day before trial was to begin. Id. The petitioner's case had been pending for two and one-half years, during which time it was continued three times. Id. The previous habeas court stated that prejudice existed because the court "set aside the time [for the] trial . . . the clerk [of court] gave up her time . . . and even met with the attorneys and marked all the exhibits . . .

so that [the court] [would be] ready to go . . . ." (Internal quotation marks omitted.) Id., 449. Moreover, the previous habeas court noted that the court and the respondent were ready for trial. Id., 447. This court also cited the fact that the petitioner "participated personally in the decision to withdraw the previous habeas matter the day before trial was to begin," in affirming that the petitioner's withdrawal of his previous habeas action was with prejudice. (Internal quotation marks omitted.) Id., 458.

Similarly, in *Mozell* v. *Commissioner*, supra, 147 Conn. App. 760, this court concluded that the habeas court acted within its discretion when it only allowed the petitioner to withdraw one of the counts in his habeas petition with prejudice. The petition at issue in *Mozell* was the petitioner's third, and by the time the petitioner sought to withdraw his petition on the day of trial, the action had been pending for approximately two and one-half years. Id., 750–51. The habeas court conditioned withdrawal of one of the petitioner's counts on being with prejudice because "[w]itnesses had been subpoenaed and were in court ready to proceed; [expenses] such as setting up videoconferencing for a witness in Nevada had been incurred; [and] evidence had begun, according to the respondent's counsel, in that some exhibits had already been admitted in full . . . ." (Footnote omitted.) Id., 760.

The petitioner argues that the present case is factually distinguishable from *Marra* and *Mozell*, and, therefore, that a withdrawal with prejudice was not appropriate under the circumstances. We are unpersuaded.

Like the petitioners in *Marra* and *Mozell*, the petitioner in the present case had filed and withdrawn numerous prior habeas petitions. Indeed, the petitioner in the present case had filed more petitions than the petitioners in *Marra* and *Mozell*, who filed two and three petitions, respectively. The petitioner in the present case filed at least seven petitions, all of which he withdrew before trial.

The petitioner attempts to distinguish the present case from *Marra* and *Mozell* by arguing that in those cases a final judgment had been rendered on other petitions filed by the petitioners, whereas, in the present case, none of the petitioner's prior habeas petitions had reached final judgment or even received a hearing on the merits. In the present case, final judgment was not reached on any of the petitioner's many habeas petitions because the petitioner chose to withdraw them. Despite his choice to withdraw the petitions, the petitioner was provided every opportunity to continue to litigate them and, therefore, had a full opportunity to be heard.

In this case, trial was continued on five occasions, more times than in *Marra* and *Mozell* combined. In *Marra*, trial was continued three times, and, in *Mozell*,

trial was never continued. Four of the continuances in the present case were granted at the petitioner's request. Moreover, the habeas court was willing to continue the case in response to the petitioner's request to withdraw his petition. The court offered the petitioner a second day of trial in the future so that he could attempt to find Rodriguez.[3] The petitioner was afforded ample time to prepare his case.

As did the petitioners in *Marra* and *Mozell,* the petitioner sought to withdraw his petition on the eve of trial when the case was ready to proceed after efforts and resources had been expended in preparation for trial. Similarly, exhibits in the present case had been marked, counsel were ready to proceed, and witnesses had been subpoenaed and were ready to testify. Moreover, as in *Mozell* where expenses had been incurred in setting up videoconferencing for a witness in Nevada, in the present case, witnesses were subpoenaed and were present to testify.

Additionally, like the petitioner in *Marra,* the petitioner in the present case made the ultimate decision to withdraw the habeas matter on the day of trial and was fully aware of the potential consequences of withdrawal, as he had been extensively canvassed by the habeas court.

On the basis of the foregoing, we conclude that, under these circumstances, the court acted within its discretion in granting the petitioner's motion to withdraw with prejudice.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The petitioner also alleged a claim of actual innocence that was dismissed by the habeas court.

[2] The petitioner clarified that one of the petitions he had previously filed related to a different conviction.

[3] The petitioner argues that he had a good reason to withdraw his petition, namely, that he needed more time to locate Rodriguez. By the time the petitioner withdrew his petition, however, he had been attempting to locate Rodriguez with the assistance of counsel for approximately two years. In fact, the habeas court had already granted at least one continuance to allow the petitioner more time to find potential witnesses.