ROBERT J. WAKEFIELD *v.* COMMISSIONER OF
MOTOR VEHICLES
(AC 25416)

Dranginis, Bishop and DiPentima, Js.

Argued May 27—officially released July 26, 2005

*Geraldine Ficarra*, with whom was *Michael Ruben Peck*, for the appellant (plaintiff).

*Darren P. Cunningham*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Robert J. Wakefield, appeals from the judgment of the trial court dismissing his administrative appeal from the decision of the defendant, the commissioner of motor vehicles (commissioner), suspending his motor vehicle operator's license for ten months for having violated General Statutes § 14-227b. The plaintiff claims that the court abused its discretion in denying his motion to remand the matter to the commissioner for the purpose of introducing new evidence. We affirm the judgment of the trial court.

In the early morning hours of January 3, 2004, the plaintiff was arrested and charged with operating a motor vehicle while under the influence of intoxicating

liquor in violation of General Statutes § 14-227a.[1] After failing multiple field sobriety tests, the plaintiff was transported to the Manchester police department, where two blood alcohol content (BAC) tests were performed. The plaintiff subsequently was notified of the suspension of his operator's license by the commissioner due to his "failing a chemical alcohol test . . . ."

At the plaintiff's request, an administrative hearing was held on January 27, 2004.[2] Thereafter, the commissioner, through a hearing officer, reached the following findings of fact and conclusions of law: "(1) The police officer had probable cause to arrest [the plaintiff] for a violation specified in § 14-227b (g); (2) The operator was placed under arrest; (3) The operator submitted to the test or analysis and the results indicated a BAC of 0.16 percent or more; and (4) Said person was

[1] The plaintiff's license was under suspension at the time of his arrest.

[2] Limited evidence was presented at the administrative hearing. As the court recounted: "At the hearing, the only evidence presented was the A-44 [police] report with attachments thereto. These materials were properly admitted. . . . Concerning the issue of operation, the A-44 identifies the operator as the [plaintiff]. It indicates that at 1:45 a.m. on January 3, 2004, at 520 Hartford Turnpike, Vernon, the operator was operating while under suspension on a public road and in a parking lot for ten or more cars. The police officer's case incident report incorporated into the A-44 states, with respect to the operation issue: 'On the above date and time, I was on routine patrol in a marked police cruiser. I was traveling westbound on Hartford Turnpike (Route 30) near Merline Road. I observed the accused traveling eastbound on Hartford Turnpike (Route 30) at an extremely slow rate of speed. I immediately turned around to see if the operator needed some assistance. By the time I turned around and got behind the operator, he had driven approximately 1000 feet. As I approached the vehicle with my cruiser, the passenger, who was later identified by his valid Connecticut license as Michael Dombek, exited the passenger side of the truck and began pushing it into the parking lot of Vernon Commons. I notified dispatch of my location. Both occupants of the vehicle exited and began walking toward my cruiser. I asked the operator what was the matter and Dombek, the passenger, stated that they ran out of gas. I then asked the operator where they were coming from, and he said they left Bennigan's [restaurant] and were on their way home.' The report goes on to indicate: 'The operator struggled removing his license from his wallet, but eventually handed it to me at which time he was identified as [the plaintiff].' " (Citation omitted.)

operating the motor vehicle." The commissioner further concluded that "substantial evidence is found to establish operation pursuant to the police report." The plaintiff appealed from that decision to the trial court pursuant to General Statutes § 4-183. In a thorough and well reasoned memorandum of decision, the court denied the plaintiff's motion to remand and dismissed the appeal. The court further articulated its decision in response to the plaintiff's motion to reargue. From that judgment, the plaintiff now appeals.

The plaintiff contends that the court abused its discretion in denying his motion to remand. Specifically, he argues that his counsel's failure to introduce the police "C.A.D. log report" (report) at the January 27, 2004 hearing constitutes ineffective assistance of counsel.[3] As such, the plaintiff insists that the court was compelled to remand the matter for further evidence. We disagree.

General Statutes § 4-183 (h) permits a party in an administrative appeal to apply for leave to present additional evidence, as long as it is demonstrated that the additional evidence is material and that there are good reasons for the failure to present it in the proceeding before the agency. In *Salmon* v. *Dept. of Public Health & Addiction Services*, 259 Conn. 288, 315, 788 A.2d 1199 (2002), our Supreme Court held that review of the court's decision on a motion to remand pursuant to § 4-183 (h) is under the abuse of discretion standard. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been

---

[3] The report is essentially a time log of calls related to the incident in which the plaintiff was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor.

done." (Internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 186, 842 A.2d 567 (2004). "[O]ur appellate decisions emphasize that an abuse of discretion leading to reversal is rare." (Internal quotation marks omitted.) *Sweeney* v. *Sweeney*, 271 Conn. 193, 212, 856 A.2d 997 (2004).

In seeking a remand for further evidentiary proceedings under § 4-183 (h), the plaintiff must demonstrate not only that the report is material, but also that there are good reasons for his failure to present it at the administrative hearing. The plaintiff has not met that burden. As the court stated: "[The report] substantiates the officer's case incident report, which was introduced at the hearing. The report would have little value to the hearing officer . . . ." Furthermore, the court noted that "[t]he A-44 is admissible without the presence of the police officer. The attorney would have had to subpoena the police officer and his records, which would probably have included [the report]. On the record, it would not seem unreasonable for an attorney to conclude that, tactically, it would be better to argue from the limited information in the A-44 and case incident report concerning the issue of operation, as opposed to having the police officer present to fill in the blanks. Though [the report] may be material, it is of minimal or no value with respect to impeaching the police officer, as it is entirely consistent with his case incident report." Accordingly, the court concluded that the plaintiff had failed to demonstrate ineffective assistance on the part of his counsel. Because the plaintiff presented no good reason for his failure to present the report at the administrative hearing, the court denied the motion to remand.[4]

---

[4] Moreover, in response to the plaintiff's motion to reargue, the court further articulated its decision. In his motion to reargue, the plaintiff questioned whether disclosure of the report "should have been by right" under either the federal or state constitutions. The court clarified its decision by correctly stating that evidentiary issues are not ordinarily of a constitutional magnitude. See, e.g., *State* v. *Wargo*, 53 Conn. App. 747, 753, 731 A.2d 768

After our careful review of the record, we agree with the trial court that the plaintiff failed to demonstrate ineffective assistance on the part of his counsel. In reviewing allegations of ineffective assistance, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [appellant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 87 Conn. App. 560, 563, 867 A.2d 51, cert. denied, 273 Conn. 934, 875 A.2d 543 (2005). The plaintiff has not overcome that presumption. We therefore conclude that the court did not abuse its discretion under § 4-183 (h) when it denied the motion to remand.

The judgment is affirmed.

(1999) ("[R]obing garden variety claims [of an evidentiary nature] in the majestic garb of constitutional claims does not make such claims constitutional in nature. . . . Putting a constitutional tag on a nonconstitutional claim will no more change its essential character than calling a bull a cow will change its gender." [Citation omitted; internal quotation marks omitted.]), aff'd, 255 Conn. 113, 763 A.2d 1 (2000). In addition, the court distinguished *Salmon* v. *Dept. of Public Health & Addiction Services*, supra, 259 Conn. 288. It stated: "*Salmon* does not require a grievance as condition precedent to a finding of ineffective assistance of counsel; but it does require evidence."