******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## AMMAR A. IDLIBI *v.* CONNECTICUT STATE DENTAL COMMISSION
### (AC 47198)

Bright, C. J., and Elgo and Cradle, Js.*

*Syllabus*

The plaintiff, a dentist, appealed from the judgment of the trial court dismissing his administrative appeal from the decision of the defendant finding that his failure to comply with sanctions imposed by a prior decision of the defendant rendered him unfit or incompetent during the period of noncompliance and ordering further disciplinary sanctions with respect to his dental license. The plaintiff claimed, inter alia, that the defendant lacked jurisdiction to suspend his dental license because it failed to provide him with sufficient notice of the facts warranting suspension prior to initiating summary suspension proceedings. *Held*:

The plaintiff's failure to file an administrative appeal to the Superior Court within forty-five days of the defendant's summary suspension of his dental license as required by the statute (§ 4-183 (c)) governing such appeals, deprived this court of subject matter jurisdiction to consider the merits of his claim.

The trial court did not abuse its discretion in denying the plaintiff's motion for remand to introduce additional evidence before the defendant, as the additional evidence the plaintiff sought to present on remand was not sufficiently material to satisfy even the threshold requirements pursuant to § 4-183 (h).

The defendant's determination, as the governing medical board, that the plaintiff was unfit or incompetent during a period of noncompliance with sanctions that had been previously issued was reasonable and supported by sufficient evidence, and the defendant, in ordering additional sanctions against the plaintiff based on that determination, was acting under its express authority pursuant to statute (§ 20-114 (a) (2)).

Argued November 20, 2024—officially released March 11, 2025

*Procedural History*

Appeal from the decision of the defendant concluding that the plaintiff failed to meet the applicable standard of care while treating a patient and ordering disciplinary sanctions with respect to the plaintiff's dental license,

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

brought to the Superior Court in the judicial district of New Britain and tried to the court, *Hon. Henry S. Cohn*, judge trial referee; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed.*

*Ammar A. Idlibi*, self-represented, the appellant (plaintiff).

*Shawn L. Rutchick*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (defendant).

*Opinion*

CRADLE, J. The self-represented plaintiff, Ammar A. Idlibi, appeals from the judgment of the Superior Court dismissing his administrative appeal from the decision of the defendant, the Connecticut State Dental Commission (commission), finding that the plaintiff's failure to comply with sanctions imposed by a prior decision of the commission rendered him unfit or incompetent during that period of noncompliance, and, accordingly, ordering further disciplinary sanctions with respect to the plaintiff's dental license. On appeal, the plaintiff claims that (1) the commission lacked jurisdiction to suspend his dental license, (2) the court abused its discretion in denying his motion for remand to introduce additional evidence, and (3) the commission's final decision was arbitrary and capricious in that it was unsupported by substantial evidence.[1] We affirm the

[1] The plaintiff also argues in conclusory fashion that the commission's decision violated his due process right to fundamental fairness in that the decision was arbitrary and capricious. However, his claim, essentially, restates his challenge to the sufficiency of the evidence supporting the commission's finding that he was unfit or incompetent, and he fails to advance any substantive or legal analysis in support of his due process claim. Moreover, we note that the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., governed the underlying proceedings, and our Supreme Court repeatedly has held that "the procedures required by the UAPA exceed the minimal procedural safeguards mandated by the due process clause." (Internal quotation marks omitted.) *Pet* v. *Dept. of Health Services*, 228 Conn. 651, 661, 638 A.2d 6 (1994). "Although we are

judgment of the Superior Court dismissing the plaintiff's administrative appeal.

By way of background, on September 7, 2017, the Department of Public Health (department) presented the commission,[2] as the relevant governing board, with a statement of charges against the plaintiff alleging that treatment he provided to a three year old patient failed to meet the standard of care pursuant to the guidelines of the American Academy of Pediatric Dentistry (AAPD). On September 5, 2018, the commission issued a final decision, finding that the department met its burden of proof with respect to its allegations against the plaintiff, and, accordingly, it ordered disciplinary sanctions with respect to the plaintiff's dental license, including the payment of a $10,000 civil penalty, place-ment of a reprimand on his license, and a three year probationary period from the date of the decision, dur-ing which his license would be subject to conditions. Specifically, as conditions to his probationary period, the plaintiff was required (1) to "successfully complete courses, preapproved by the department, in ethics, med-ical record documentation, and informed consent"

solicitous of the rights of [self-represented] litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law. . . . [W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Traylor* v. *State*, 128 Conn. App. 182, 185 n.2, 15 A.3d 1173, cert. denied, 301 Conn. 927, 22 A.3d 1276 (2011); see also *State* v. *Buhl*, 321 Conn. 688, 726, 138 A.3d 868 (2016) (briefing is also inadequate when it is "not only short, but confusing, repetitive, and disorganized"). Accordingly, because the plaintiff's due process claim is inadequately briefed, we decline to review it.

[2] The commission's enabling act, General Statutes § 20-103a, provides in relevant part: "(a) The State Dental Commission shall consist of nine mem-bers . . . six of whom shall be practitioners in dentistry residing in this state who are in good standing in their profession and three of whom shall be public members. . . .

"(b) . . . Said commission shall (1) hear and decide matters concerning suspension or revocation of licensure, (2) adjudicate complaints filed against practitioners and (3) impose sanctions where appropriate."

within six months of the date of the decision and (2) to obtain a practice supervisor, preapproved by the department, to review his patient records and to create quarterly monitor reports, with the plaintiff responsible for submitting such reports directly to the department.

On September 10, 2018, the plaintiff appealed to the Superior Court from the September 5, 2018 decision of the commission and, on the same date, filed a motion to stay enforcement of the commission's decision during the pendency of his administrative appeal. On March 18, 2019, the court stayed the payment of the $10,000 civil penalty but denied the plaintiff's motion to stay with respect to the remaining sanctions. Thereafter, on October 13, 2020, the Superior Court dismissed the plaintiff's administrative appeal. This court, in *Idlibi* v. *State Dental Commission*, 212 Conn. App. 501, 532, 275 A.3d 1214, cert. denied, 345 Conn. 904, 282 A.3d 980 (2022), affirmed the Superior Court's judgment dismissing the plaintiff's administrative appeal.[3]

The present appeal arises from a subsequent decision of the commission issued on September 4, 2019, while the plaintiff's administrative appeal was pending. The following facts, as set forth by the Superior Court, and procedural history are relevant to this appeal. On February 21, 2019, the department presented the commission with a motion for summary suspension of the plaintiff's license and a statement of charges alleging that the plaintiff had failed to comply with the terms and conditions of the commission's September 5, 2018 decision. Specifically, the department alleged that the plaintiff had not paid the civil penalty and that he had not

---

[3] We note that the Superior Court twice remanded the administrative appeal to the commission, which, in turn, issued second and third final decisions. *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 511–12. The commission's third and final decision, which was the operative decision on appeal to this court, imposed the same disciplinary sanctions against the plaintiff as the commission's original decision. Id., 511–13.

obtained a practice supervisor and, thus, failed to submit to the department a monitoring report from a supervisor.

On March 20, 2019, the commission, pursuant to General Statutes §§ 4-182 (c) and 19a-17 (c),[4] summarily suspended the plaintiff's dental license, finding that the department had "allege[d] facts which show violations of [General Statutes] § 20-114 (a)[5] . . . and which imperatively require emergency action in that the public health, safety or welfare of the citizens of the State of Connecticut is in clear and immediate danger." (Footnote added.) On March 25, 2019, the department moved to amend its statement of charges, which the commission subsequently granted without objection, to allege additionally that the plaintiff failed to comply with the terms of the September 5, 2018 decision in that he had not submitted courses to the department for preapproval and had not provided documentation of successful completion of any such course within the required time frame.[6]

On March 28, 2019, the plaintiff moved to lift the suspension of his license on the basis that he was no

_____

[4] General Statutes § 4-182 (c), regarding matters involving licenses, provides in relevant part: "If the agency finds that public health, safety or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. . . ."

General Statutes § 19a-17 (c) provides in relevant part: "[The] commission . . . may summarily suspend a practitioner's license or permit in advance of a final adjudication or during the appeals process if . . . [the] commission . . . finds that a practitioner or permittee represents a clear and immediate danger to the public health and safety if he is allowed to continue to practice."

[5] General Statutes § 20-114 (a) provides in relevant part: "The Dental Commission may take any of the actions set forth in section 19a-17 for any of the following causes . . .

"(2) proof that a practitioner has become unfit or incompetent or has been guilty of cruelty, incompetence, negligence or indecent conduct toward patients . . . ."

[6] Under the terms of the September 5, 2018 decision, the plaintiff was required to successfully complete the courses by March 5, 2019.

longer in violation of the commission's September 5, 2018 decision. The department objected to the plaintiff's motion, and the commission scheduled the matter for April 2, 2019, before a hearing panel of the commission. At the outset of the April 2, 2019 hearing, the department withdrew its objection to the plaintiff's motion, stating that, as of earlier that morning, the plaintiff had become fully compliant with the terms of the commission's September 5, 2018 decision.[7] The hearing panel subsequently voted to vacate the summary suspension order, and the commission, pending the issuance of its final decision, reinstated the plaintiff's license to probation, pursuant to the same conditions set forth in its September 5, 2018 decision.

Thereafter, on September 4, 2019, the commission issued its final decision with respect to the department's amended statement of charges, finding that the plaintiff belatedly completed the required courses on March 30, 2019, several weeks after the March 5, 2019 deadline imposed by the commission's initial decision. The commission also found that the plaintiff, until March 27, 2019, "was out of compliance with the [commission's decision] of September 5, 2018 . . . [by failing] to secure a supervisor" to review and monitor his patients' records, and that the plaintiff only became fully compliant with that condition when he submitted the first monitoring report on April 2, 2019.[8] The commission

---

[7] Specifically, the plaintiff had completed the required courses on March 30, 2019, and submitted the first monitoring report from a supervisor on the morning of the hearing.

[8] We note that, although the September 5, 2018 decision of the commission did not set forth an express deadline for the plaintiff to comply with the supervisor monitoring condition, Lavita Sookram, the department nurse assigned to monitor the plaintiff's compliance with that order, testified at the April 2, 2019 hearing that the condition went into effect immediately. She further testified that, because the plaintiff failed to nominate a supervisor for department approval until March, 2019, he had failed to submit the required quarterly monitoring reports for the first two quarters of his probationary period.

concluded that, "[b]y not complying with the terms of probation, [the plaintiff], for that period when he was out of compliance, was unfit or incompetent."[9] In addition, the commission found the plaintiff's noncompliance established good cause for disciplinary action, stating that "[the plaintiff's] testimony was not credible with regard to the reasons he failed to comply with the order."[10] The commission, acting pursuant to General Statutes §§ 19a-17 and 20-114,[11] placed a reprimand on the plaintiff's license and ordered a three year probationary period, subject to the same terms and conditions set forth in the commission's September 5, 2018 decision, from April 2, 2019, the date the plaintiff became compliant with the terms of that decision.

On September 6, 2019, the plaintiff, pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., appealed to the Superior

---

[9] With respect to the plaintiff's failure to pay the $10,000 civil penalty, the commission found that the plaintiff was not in violation of the terms of its initial decision because the trial court had stayed the enforcement of that civil penalty pending the administrative appeal from that decision.

[10] Specifically, the commission stated that the petitioner testified at the April 2, 2019 hearing that he did not comply with the terms of the September 5, 2018 decision "because he was appealing it in Superior Court, he had filed a motion to stay the decision and he thought the motion to stay would be granted." The commission found the plaintiff's defense "meritless and not credible," because it concluded from the plaintiff's April 2, 2019 testimony that he "was aware that the court did not stay the decision of the [commission]."

[11] General Statutes § 20-114 (a) provides in relevant part: "The Dental Commission may take any of the actions set forth in section 19a-17 for any of the following causes . . .

"(2) proof that a practitioner has become unfit or incompetent . . . ."

General Statutes § 19a-17 (a) provides in relevant part that the commission "may take any of the following actions, singly or in combination . . . upon finding the existence of good cause . . .

"(4) Issue a letter of reprimand to a practitioner or permittee . . .

"(6) Place a practitioner or permittee on probationary status and require the practitioner or permittee to: (A) Report regularly to such board, commission or department upon the matters which are the basis of probation . . . (C) Continue or renew professional education until a satisfactory degree of skill has been attained in those areas which are the basis for the probation . . . ."

Court from the September 4, 2019 decision of the commission. On December 14, 2020, the court, *Hon. Henry S. Cohn*, judge trial referee, stayed the proceedings pending the resolution of the plaintiff's initial appeal. After this court disposed of that appeal; see *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 501; the court, on October 4, 2022, directed the plaintiff and the commission to confer regarding a potential resolution of the present case. The parties were unable to reach a settlement, and the case proceeded to trial. On March 31, 2023, the plaintiff filed a motion for remand to present additional evidence before the commission, which the court, on April 17, 2023, summarily denied.[12] Thereafter, on November 28, 2023, the court, following a hearing, dismissed the plaintiff's administrative appeal, finding that the commission's factual findings were supported by substantial evidence and that the commission had authority pursuant to § 20-114 (a) to impose additional sanctions against the plaintiff. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The plaintiff first claims that the commission lacked jurisdiction to order the summary suspension of his dental license because it failed to provide him with sufficient notice of the facts warranting suspension prior to initiating summary suspension proceedings. The plaintiff appears to argue in the alternative that the record did not support the commission's finding that the department had alleged facts demonstrating that

---

[12] We note that, on July 26, 2023, the Superior Court, following a hearing on the merits of the plaintiff's appeal, remanded the present case to the commission for clarification on certain issues. On September 14, 2023, the commission responded to the court's request for clarification but made no revisions to its initial decision from which the plaintiff filed his administrative appeal, and, accordingly, the commission's final decision of September 4, 2019, is the operative decision on appeal.

emergency action was required. Conversely, the commission argues that the plaintiff's failure to timely appeal from the summary suspension order deprives this court of subject matter jurisdiction over the plaintiff's claim. We agree with the commission.

"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005). Under the UAPA, "[t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed." (Internal quotation marks omitted.) *Markley* v. *State Elections Enforcement Commission*, 339 Conn. 96, 106, 259 A.3d 1064 (2021). "The right to appeal from an agency decision to the Superior Court is governed by [General Statutes] § 4-183,[13] and the failure to file an appeal within the forty-five day period set forth in § 4-183 (c) deprives the court of subject matter jurisdiction to entertain an appeal." (Footnote added.) Id., 106–107; see also *Lewis* v. *Freedom of Information Commission*, 202 Conn. App. 607, 615–16, 246 A.3d 507 (2021) (plaintiff's failure to file administrative appeal within forty-five days of agency

[13] General Statutes § 4-183 provides in relevant part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . .

"(c) (1) Within forty-five days after . . . the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . . ."

decision deprived trial court of subject matter jurisdiction over appeal); *Pine* v. *Dept. of Public Health*, 100 Conn. App. 175, 183, 917 A.2d 590 (2007) (same).

On March 20, 2019, the commission issued a final decision ordering the summary suspension of the plaintiff's dental license. It is undisputed that the plaintiff never appealed from that decision.[14] Accordingly, his failure to file an administrative appeal within forty-five days of the commission's decision, as required by § 4-183 (c), deprives this court of subject matter jurisdiction to consider the merits of his claim.

## II

The plaintiff next claims that the court abused its discretion in denying his motion for remand, pursuant to § 4-183 (h),[15] to present, as additional evidence before

[14] We note that, although the plaintiff concedes that he did not appeal from the summary suspension order, he erroneously relies on *Markley* v. *State Elections Enforcement Commission*, supra, 339 Conn. 111, for the premise that our Supreme Court, as a matter of policy, favors a finding of subject matter jurisdiction even when a plaintiff fails to timely file an administrative appeal pursuant to § 4-183 (c). Although the court in *Markley* concluded that the plaintiffs' failure to timely file an appeal from the agency's final decision within forty-five days did not deprive the court of subject matter jurisdiction over the appeal; id., 98–101; it did so in light of what the court described as an "extremely unusual factual scenario"; id., 109; and circumstances that were "not just unusual," but "likely unique . . . ." Id., 110. Specifically, the court appears to have attributed the plaintiffs' failure to timely file an appeal in *Markley* to the agency's own error in taking up the plaintiffs' petition for reconsideration at a special meeting, after the petition had been constructively denied due to the agency's inaction, under the mistaken belief that it remained pending. Id., 108–10. Our Supreme Court's decision in *Markley* is thus inapposite to the present case, in which the plaintiff himself is solely responsible for his failure to timely file an appeal from the commission's summary suspension order. We reiterate that our Supreme Court expressly held in *Markley* that the failure to timely file an appeal pursuant to § 4-183 (c) deprives the court of subject matter jurisdiction over the appeal; id., 106–107; and emphasized that *Markley*, "because of its truly sui generis factual circumstances, lacks any real precedential value." Id., 110 n.12.

[15] General Statutes § 4-183 (h) provides in relevant part: "If, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the

the commission, the Superior Court's remand orders and the commission's third final decision. We disagree.

The following facts, as set forth by this court in the plaintiff's appeal from the Superior Court's dismissal, and procedural history are relevant to the plaintiff's claim. "On September 5, 2018, the commission issued a final decision finding that the plaintiff had failed to meet the standard of care [on five distinct grounds]."[16] *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 510. "On September 10, 2018, the plaintiff appealed to the Superior Court. . . . [O]n January 7, 2020, the court issued an order remanding the final decision for clarification of finding number twenty-six, concerning whether the plaintiff's [placement of stainless steel crowns] violated the AAPD standards. . . . On June 16, 2020, the commission issued a second final decision, this time determining that it was not a violation of the standard of care to place eight stainless steel crowns in the patient's mouth, but that the disciplinary orders contained in the initial decision were still appropriate on the basis of the other findings concerning the allegations against the plaintiff.

"On August 10, 2020, the court issued a second remand order related to the same charge. Specifically, the court ordered the commission to reconcile an inconsistency between the finding of fact that the plaintiff

satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. . . ."

[16] "Specifically, the commission found that the plaintiff (1) failed to obtain adequate informed consent from the patient's mother to place crowns on eight of the patient's teeth, (2) placed one or more crowns without adequate justification, (3) failed to chart findings of cervical decalcification adequately, (4) failed to attempt treatment of the cervical decalcification by other means, and (5) failed to chart caries or other dental disease adequately for one or more of the teeth that was crowned." *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 510.

'did not practice below the standard of care with respect to the placement of the stainless steel crowns' with a statement in its decision that 'the [department] sustained its burden of proof' with respect to this charge. . . . On September 16, 2020, the commission issued a third and final decision, which . . . stated that, '[w]ith regard to the allegations . . . of the charges that [the plaintiff] placed one or more crowns without adequate justification . . . the department did not sustain its burden of proof.'" (Footnote omitted.) Id., 511–12.

Because the foregoing remand orders and the commission's third and final decision were issued subsequent to the commission's final decision in the present case, the plaintiff moved to remand his administrative appeal in the present case to the commission in order to present the remand orders and the third final decision as additional evidence.[17] The plaintiff argued in his motion that the additional evidence was material in that it demonstrated that the commission had "reversed its most significant findings with regards to the appropriateness of [the] plaintiff's professional treatment," and, therefore, that "the extended probation for the purpose of monitoring [the] plaintiff's professional practice with skill and safety," as ordered by the commission in the present case, "would no longer be supported by evidence . . . ." On April 17, 2023, the Superior Court summarily denied the plaintiff's request.[18]

The following legal principles are relevant to the plaintiff's claim. "[Section] 4-183 (h) permits a party in

[17] Specifically, the plaintiff asserted in his motion: "Because the final revision of the [commission's] original order . . . was completed in June, 2020, there were good reasons for [the plaintiff's] failure to present the revised decision at the [April 2, 2019 administrative] hearing [in the present case]."

[18] We note that the court also denied the plaintiff's request to order supplemental briefing "due to significant changes during the stay [of the present case]," including the fact that the commission "had since revised its [September 5, 2018] decision twice and had reversed the most significant aspect of the disciplinary action, which is the treatment rendered by the plaintiff."

an administrative appeal to apply for leave to present additional evidence, as long as it is demonstrated that the additional evidence is material and that there are good reasons for the failure to present it in the proceeding before the agency." *Wakefield* v. *Commissioner of Motor Vehicles*, 90 Conn. App. 441, 443, 877 A.2d 1, cert. denied, 275 Conn. 931, 883 A.2d 1253 (2005). If a party satisfies both prongs, "the court may order that the additional evidence be taken before the agency upon conditions determined by the court." General Statutes § 4-183 (h). "The term 'may' acts as a grant of permissive authority, rather than as a directive, suggesting that a trial court has discretion regarding whether to grant or deny a motion brought pursuant to the statute." *Salmon* v. *Dept. of Public Health & Addiction Services*, 259 Conn. 288, 315, 788 A.2d 1199 (2002). Accordingly, we review the court's denial of the plaintiff's motion for an abuse of its discretion. Id. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . [O]ur appellate decisions emphasize that an abuse of discretion leading to reversal is rare." (Citation omitted; internal quotation marks omitted.) *Wakefield* v. *Commissioner of Motor Vehicles*, supra, 443–44.

In support of his claim, the plaintiff argues that he "pleaded and submitted to the [Superior Court] that both prongs [of § 4-183 (h) were] met." However, even if we were to agree with the plaintiff that his motion satisfied both prongs, it would not follow that the court abused its discretion in denying the motion. Although the plaintiff was required by § 4-183 (h) to demonstrate that the additional evidence is material and that there were good reasons for failing to present the evidence in the proceeding before the commission, these are

merely threshold evidentiary showings required by the statute. We reiterate that, once the moving party satisfies these requirements, the court, in its discretion, nonetheless may deny the motion.

We note that the plaintiff appears merely to reiterate on appeal the arguments he made in support of his motion before the Superior Court. Specifically, he asserts that the commission, by reversing its finding that the plaintiff's placement of steel crowns violated the standard of care, found that "the plaintiff's treatment [of] the [patient] was proper and did not fall below the standard of care." We construe the plaintiff's arguments as claiming that, had the court granted his motion, the commission in the present case would have been precluded from extending the plaintiff's probationary period, namely, because the additional evidence would have shown that there was no longer a basis to support the sanction in the first place. Any such claim, however, is belied by the record. The commission did not, as the plaintiff claims, find that his treatment of the patient "did not fall below the standard of care." Rather, by reversing its finding concerning the placement of steel crowns, the commission merely found that the plaintiff's treatment had violated the standard of care in four, rather than five, distinct ways.[19] Moreover, after the commission reversed that finding, it nonetheless determined that the probationary period and conditions "contained in the initial decision were still appropriate on the basis of the other findings concerning the allegations against the plaintiff" related to his violations of the standard of care. *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 512. On the basis of the foregoing, it does not appear that the additional evidence the plaintiff sought to present on remand was sufficiently material to satisfy even the

---

[19] See footnote 16 of this opinion.

threshold requirements pursuant to § 4-183 (h). Accordingly, we conclude that the court did not abuse its discretion in denying the plaintiff's motion for remand.

## III

The plaintiff next claims that the commission's decision was arbitrary and capricious in that it was unsupported by substantial evidence. Specifically, the plaintiff does not challenge the commission's factual findings regarding his belated compliance with the terms of its initial decision, but, instead, argues that there was "no rational connection whatsoever between" those factual findings and his fitness or competency to practice dentistry. Accordingly, he claims that the commission's finding that he was unfit or incompetent, on the sole basis of his delayed compliance, was arbitrary and capricious in that it was unsupported by substantial evidence. We disagree.

Our standard of review of the plaintiff's claim is well established. "Judicial review of an administrative decision in an appeal under the UAPA is limited. . . . [R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither [the appellate] court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. . . . Our ultimate duty is to determine, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Citation omitted; internal quotation marks omitted.) *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 517. "It is fundamental that a plaintiff has the burden of proving that the [agency], on the facts before [it], acted contrary to

law and in abuse of [its] discretion . . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts . . . ."[20] (Internal quotation marks omitted.) Id., 517–18.

"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. . . . An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . ." (Internal quotation marks omitted.) Id., 518. Additionally, "[i]t is well established that it is the exclusive province of the trier of fact to make determinations of credibility, crediting some, all, or none of a given witness' testimony. . . . We must defer to the trier of fact's assessment of the credibility of the witnesses that

---

[20] The plaintiff further argues that this appeal presents a pure question of law in that "the commission . . . failed to articulate and apply the correct legal standard that governs disciplinary actions pursuant to § 20-114 (a) (2)."

"[A]lthough we have noted that [a]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts . . . we have maintained that [c]ases that present pure questions of law . . . invoke a broader standard of review . . . ." (Internal quotation marks omitted.) *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 518. More specifically, "[t]he traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to a governmental agency's time-tested interpretation . . . . Even if time-tested . . . an agency's interpretation of a statute [is subject to deference] only if it is reasonable . . . [as] determined by [application of] our established rules of statutory construction." (Internal quotation marks omitted.) *Drumm* v. *Freedom of Information Commission*, 348 Conn. 565, 580, 308 A.3d 993 (2024).

The plaintiff concedes that "[statutory] construction" and "[statutory] interpretation" are not issues in this appeal and that "the commission clearly applied [§ 20-114 (a) (2)] to the actual circumstances of the case." Additionally, as we conclude herein, the commission acted reasonably and within its statutory authority in applying the statute in the present case. We therefore disagree with the plaintiff that this appeal presents a pure question of law.

is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) Id., 518–19. "Ultimately, [t]he question is not whether the trial court would have reached the same conclusion but whether the record before the [agency] supports the action taken." (Internal quotation marks omitted.) *Miko* v. *Commission on Human Rights & Opportunities*, 220 Conn. 192, 201, 596 A.2d 396 (1991).

In the present case, the commission found that the plaintiff belatedly complied with the coursework requirement on March 30, 2019, and the supervisor monitoring requirement on April 2, 2019. The plaintiff does not challenge these factual findings on appeal. Rather, the plaintiff claims that these uncontested factual findings were insufficient to support the commission's finding that he was unfit or incompetent. Specifically, he argues that the required coursework did not "pertain to 'competence' " and a supervisor retroactively reviewed his patients' files dating back to the initial decision and found no instances of incompetence, and, therefore, his delayed compliance with those conditions had no relevance to whether he was unfit or incompetent.

The plaintiff's arguments are unpersuasive. It is well established that the commission, as the governing medical board, has the authority to determine what renders a practitioner "unfit" or "incompetent."[21] "Our case law makes clear that a governing medical board is granted broad discretion, pursuant to its statutory authority,

---

[21] We further note that, even if the plaintiff's own interpretation of the statutory terms was relevant, his argument lacks merit. Specifically, he asserts that the word "incompetent," as used in § 20-114 (a) (2), means "unskillfulness," which he argues "only pertains to clinical performance where clinical skill is needed." (Emphasis omitted.) The plaintiff, however, fails to cite any authority in support of that definition, fails to address whether his noncompliance rendered him "unfit," and, moreover, cites no authority for the premise that we should interpret an express term of the statute to have a meaning that does not appear anywhere in the statute.

in determining the appropriate standard of care in an administrative, licensing procedure." *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 519. "Terms associated with the trade or business with which a given statute is concerned should be accorded the meaning which they would convey to an informed person in that trade or business. . . . We presume that members of a professional health licensing board are competent to decide on the basis of such terms whether certain conduct is in derogation of professional standards." (Citation omitted.) *Altholtz* v. *Dental Commission*, 4 Conn. App. 307, 314, 493 A.2d 917 (1985). Accordingly, "what constitutes unprofessional conduct and what renders a professional unfit or incompetent are to be determined by those standards which are commonly accepted by those practicing the same profession in the same territory." (Internal quotation marks omitted.) Id., 314–15; see also *Idlibi* v. *State Dental Commission*, supra, 527 ("it [is] well within the commission's authority to determine the meaning of the terms in § 20-114 (a) (2) relevant to the practice of dentistry").

The commission, with respect to its September 4, 2019 decision, "relied on the training and experience of its members in making its findings of fact and conclusions of law," and its decision was "based entirely on the record and the specialized professional knowledge of the commission in evaluating the evidence." The commission stated in its decision that "[t]he probationary period [and conditions] imposed by the commission in the prior matter [were] required in order to ensure that [the plaintiff] was fit and/or competent to practice dentistry with reasonable skill and safety." Pursuant to our governing law, the commission was well within its statutory authority to rely on its expertise in evaluating the evidence, including the uncontested evidence that the plaintiff failed to comply fully with those conditions until April 2, 2019, and reaching its conclusion that the

plaintiff was unfit or incompetent during the period of noncompliance. Accordingly, we conclude that the commission's determination that the plaintiff was unfit or incompetent was reasonable and supported by sufficient evidence. We further conclude that the commission, in ordering additional sanctions against the plaintiff based on that determination, was acting under its express authority pursuant to § 20-114 (a) (2).[22]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[22] Notwithstanding this express grant of authority to order sanctions, the plaintiff argues that the commission lacked statutory authority to order additional sanctions in *this* case because he was in full compliance at the time of the April 2, 2019 hearing and any prior delay was "excusable" because he was waiting for the court to act on his motion to stay, particularly in light of the solicitous treatment our courts afford to self-represented parties.

We note that § 20-114 (a) contains no such exception, and, even if it did, the plaintiff's claim that his delayed compliance was "excusable" lacks merit. The UAPA expressly provides that "[t]he filing of an appeal shall not, of itself, stay enforcement of an agency decision." General Statutes § 4-183 (f). Moreover, we reiterate that "[w]e must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation[s] . . . ." (Internal quotation marks omitted.) *Idlibi* v. *State Dental Commission*, supra, 212 Conn. App. 518–19. The plaintiff raised the same argument before the commission, which found his alleged defense to be "meritless and not credible," and before the Superior Court, which also rejected the defense. Specifically, the commission found that, "[f]or a period of multiple months in late 2018, Lavita Sookram . . . communicated with the [plaintiff] in an attempt to obtain his compliance . . . ." In addition, we conclude that there is substantial evidence in the administrative record to support the commission's finding that the plaintiff's defense was meritless. This evidence includes Sookram's and the plaintiff's testimony during the April 2, 2019 hearing, and email correspondence between them, which the commission admitted as full exhibits, which indicated that Sookram began notifying the plaintiff in late 2018 that he was not in compliance with the commission's decision and that his pending motion to stay did not excuse his noncompliance.